William H. Hatch
vs.  } Law No. 55156
Nathan Sallinger

November 30, 1925.

WALSH, J.

(1) Plaintiff was employed by defendant to assume the position of buyer and manager of a woman's wearing apparel store or "specialty shop" in Providence, on July 1, 1919. The contract entered into by the parties appears in an offer in writing (Plaintiff's Exhibit 1) and an acceptance (Plaintiff's Exhibit 2). The plaintiff was discharged by a notice in writing (Plaintiff's Exhibit 4), on December 4, 1919, and was without employment until February 10, 1920, at which time he got a position in Bridgeport, Conn., at a salary of about $79 per week, which he held up to and after July 1, 1920.

Plaintiff contended that he was qualified to do the work and perform the services contracted for and that he was discharged by defendant for no reasonable cause. The defendant contended that plaintiff was not qualified as plaintiff represented himself to be, that he exceeded defendant's instructions in amount of stock purchases, in quality and quantity of goods, and that defendant suffered a severe financial loss because of plaintiff's incapacity and inefficiency, in consequence of which defendant was obliged to discharge plaintiff.

The jury passed on this phase of the case and found for the plaintiff and there was sufficient evidence to warrant the finding.

(2). The amount of the verdict is $6147.04. On no reasonable view of the evidence is this amount justified. The plaintiff testifies that his claim under the contract was $4150 plus $78.09 expenses, a total of $4228.09. Interest upon this sum from July 1, 1920, (the expiration of the first year under the contract), to the date of the verdict, (October 13, 1925), a period of five years, three months and twelve days, at 6 per cent. is $1340.31. If there was an agreement that the plaintiff should be guaranteed for the first year the sum of $8000 for salary and commission (as appears by paragraph II in plaintiff's Exhibit I), then this computation is the maximum that the plaintiff could reasonably expect to recover.

In the event that the plaintiff files his remittitur of all sums in excess of $5568.40 within three days of the filing of this rescript, the defendant's motion for a new trial is denied; in the event that no such remittitur is filed, the defendant's motion for a new trial is granted.

For Plaintiff: Ernest P. B. Atwood.

For Defendant: Hinckley, Allen, Tillinghast & Phillips.